[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON JANUARY 15, 1992 MOTION TO STRIKE SPECIAL DEFENSES (DATED NOVEMBER 13, 1991)
The motion to strike the First and Second Defenses is granted by agreement.
The motion to strike the Third Special Defense is granted. None of the facts stated establish directly or by necessary implication that the State executed or issued either the EPA identification number or the Part A permit application submitted by the defendant to some unknown entity or individual, or that either document served to excuse or approve by the State the alleged violations of either the laws governing hazardous waste management or water pollution.
The motion to strike the Fourth Special Defense is granted. The defense does not plead facts necessary to invoke the narrow exception to the rule that estoppel does not operate against the State. It alleges no facts to establish that any alleged agent unjustifiably induced the defendant into violating the laws governing hazardous waste management and water pollution, as required in Zoning Commission v. Lescynski,188 Conn. 724, 731. Nor has the defendant alleged facts which indicate that it will be subjected to great hardship for which estoppel can be invoked against the State.
The motion to strike the sixth Special Defense is granted. It fails to establish that all of the activities giving rise to the alleged violations were consistent with and in accordance with Federal/State law. CT Page 1364
Allen, J.